IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

JONATHAN T. ALSTON
10012 Cedarhollow Lane
Largo, MD 20774

Plaintiff,

v.                                                          CIVIL ACTION NO. _____

UNITED COLLECTION BUREAU, INC.
Serve: The Corporation Trust Incorporated
       351 Camden Street
       Baltimore, Maryland 21201

Defendant.

---

## COMPLAINT

COMES NOW the Plaintiff, Jonathan T. Alston, (hereafter the "Plaintiff") and for his complaint against the Defendant United Collection Bureau, Inc. ("UCB") and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692*et seq.* ("FDCPA"), and the common law tort of defamation.

### PARTIES

2. The plaintiff is a natural person and resides in Largo, Maryland. He is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c), and the FDCPA, 15 U.S.C. §1692a(3).

3. Defendant UCB is a national debt collection agency. Defendant advertises on its website that it "has provided debt collection and accounts receivable management services to creditors since 1959"and services the national marketplace of Healthcare.

1

4. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. S 1692a(6).

5. Defendant is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), in that it regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies.

## FACTS

6. UCB falsely represented that Mr. Alston had an outstanding debt with Prince George's Hospital and that it had acquired the debt. UCB further misrepresented that Mr. Alston owed UCB $226.00 for the debt.

7. The alleged debt arose from services provided by Prince George's Hospital for personal purposes and meets the definition of a "debt" under 15 U.S.C. §1692a(5).

8. Mr. Alston's balance with Prince George's Hospital was paid in full on June 18, 2007.

9. UCB reported this collection account to the credit bureaus in attempt to defame, slander and coerce Mr. Alston into paying the debt.

10. UCB reported this account despite knowing the account was paid but also false in the sense that it was unenforceable for it was older than three years.

11. Mr. Alston disputed the debt with the credit bureaus on numerous times within the past two years but UCB continued to maliciously instruct the credit bureaus to report this false account.

12. On or about July 8, 2012 Mr. Alston sent UCB a letter explaining that he does not have an outstanding balance with Prince George's Hospital. Mr. Alston further stated that if UCB provided proof that he owes the debt then he would pay it forthwith.

13. In correspondence dated July 17, 2012 UCB stated that the debt has been cancelled and to "[p]lease accept our apology for any inconvenience this error may have caused."

14. Based upon the circumstances of UCB's instructions to the credit bureaus, Mr. Alston believes that inaccurate credit reports were published within the past year to A & H Motors, AT&T Services, Capital One, Flagship Credit Acceptance, Regional Acceptance, Wells Fargo Capital One and Verizon Communications.

## COUNT ONE: VIOLATIONS OF FDCPA

15. Plaintiff realleges and incorporates paragraphs 1 through 14 above as if fully set out herein.

16. Defendant UCB violated 15 U.S.C. §§1692e(3),(8),(10) by deceptively reporting false information to the credit bureaus to pressure Plaintiff into paying UCB for the fraudulent account.

17. As a result of conduct, actions and inactions of UCB, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: credit repair costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

18. As a result of the conduct and actions of Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, frustration, upset, anger, humiliation and severe emotional and mental distress.

19. Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages in an amount to be determined by the court pursuant to 15 U.S.C. §1692k(a)(1), statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT TWO: VIOLATION OF FCRA

20. Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

21. UCB both negligently and intentionally violated the Fair Credit Reporting Act at 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct a reasonable investigation of the account.

22. At all times during its investigations of Mr. Alston's disputes, UCB knew Mr. Alston did not have a valid debt outstanding with it. Had UCB performed a reasonable investigation it would have found that the account could not be verified.

23. Said actions of UCB also violated Mr. Alston's rights under the FCRA at §1681s-2(b)(1)(D) & (E), which states "if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—(i) modify that item of information; (2) delete the item of information; or (iii) permanently block the reporting of that item of information.

24. UCB did not delete the account until after Mr. Alston called UCB's "bluff" by offering to pay the debt only after UCB provided proof that debt actually existed. UCB should have deleted the account after Mr. Alston'sprior disputes viathe credit bureaus.

25. As a result of conduct, actions and inactions of UCB, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

26. UCB's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, UCB was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

27. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorneys' fees from UCB in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE: DEFAMATION

28. Plaintiff realleges and incorporates paragraphs 1 through 27 above as if fully set out herein.

29. UCB intentionally and maliciously instructed the credit bureaus to report publicly that Plaintiff had a collection account.

30. UCB's statements to the credit bureaus that Plaintiff had a collection account were falsely published without a privilege.

31. As a result of Defendant's publication, Plaintiff's credit score was reduced, credit applications were denied, and credit opportunities were lost. Plaintiff has also suffered substantial, actual damages including but not limited to: out-pocket expenses, frustration, upset, humiliation and embarrassment, emotional and mental pain and suffering.

32. Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for compensatory damages.

WHEREFORE, your Plaintiff prays for judgment for actual, statutory and punitive damages against United Collection Bureau, Inc.; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

JONATHAN T. ALSTON

By _____
Jonathan T. Alston
10012 Cedarhollow Lane
Largo, MD 20774
(240) 432-0927
*Pro Se*