IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JONATHAN ALSTON  :

          v.  :   Civil Action No. DKC 13-0913

UNITED COLLECTIONS BUREAU, INC.  :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jonathan Alston, proceeding *pro se*, commenced this action against United Collections Bureau, Inc. ("UCB") on March 27, 2013, resulting from UCB reporting a collection item to three credit reporting agencies – Equifax, Experian, and TransUnion.  Mr. Alston alleged that the collection item arose from a debt he owed to Prince George's Hospital for personal services, which he contends was paid in full on June 18, 2007. Plaintiff asserts that UCB continued to report this account after the debt was settled.  Plaintiff disputed this debt to Equifax, Experian, and TransUnion, which forwarded specific information regarding each dispute to UCB for investigation. The disputes Plaintiff filed with TransUnion, Equifax, and Experian all concerned the same debt to Prince George's Hospital, yet UCB's investigation yielded different results from TransUnion (resulting in his account being deleted) than Equifax and Experian (which continued to report this debt).

Plaintiff submitted an amended complaint on April 17, 2013, alleging common law tort of defamation and violations of the Fair Debt Collection Practices Act ("FDCPA"), 16 U.S.C. §§ 1692 *et seq.*, Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law §§ 14-201.  UCB moved to dismiss Plaintiff's FDCPA, and MCDCA, and defamation claims, and for summary judgment on the FCRA claim.  Plaintiff moved for leave to file a second amended complaint seeking to add Prince George's Hospital as a second defendant, and to include two additional counts for *respondeat superior* liability and alleged violations of the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-101 *et seq*.  Plaintiff alleged that Defendant violated the FDCPA by reporting false information to TransUnion, Equifax, and Experian.  He also asserted violations of the FCRA premised on Defendant's alleged failure to investigate the disputed account.  By memorandum opinion and order issued on March 4, 2014, the undersigned dismissed all of Plaintiff's claims and denied Plaintiff's motion for leave to file a second amended complaint.  (ECF Nos. 26 & 27).  Plaintiff subsequently filed the instant motion for reconsideration on March 28, 2014.  (ECF No. 28).

A motion for reconsideration filed within twenty-eight days of the underlying order is governed by Fed.R.Civ.P. 59(e).

2

Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (*citing Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry or judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (*quoting* 11 Wright, *et al.*, Federal Practice & Procedure § 2810.1, at 127-28 (2$^{d}$ ed. 1995)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (*quoting* Wright, *et al.*, supra, § 2810.1, at 124).

Plaintiff's motion does not satisfy any of the three grounds for reconsideration under Rule 59(e). Mr. Alston has not identified any intervening change in the law, newly developed evidence, or clear error of law or manifest injustice that would cause the undersigned to alter the prior opinion. Plaintiff makes several arguments to support his motion for reconsideration, none of which are persuasive. First, Plaintiff argues that the undersigned erred by denying him the opportunity

to conduct discovery before entering judgment in favor of UCB on the FCRA claim. Mr. Alston believes that "a party is entitled to discovery prior to the disposition of his claims if the nonmovant properly submits an opposition indicating the need for discovery." (ECF N. 28, at 4). Mr. Alston's arguments are misplaced. UCB moved for summary judgment only as to Plaintiff's FCRA claim challenging the reasonableness of UCB's investigation. Plaintiff submitted a Rule 56(d) affidavit. As Defendant argues, in denying Plaintiff's discovery request, the undersigned recognized that there has been no discovery in this case, but concluded that the information Plaintiff sought in the Rule 56(d) affidavit would not affect the determination of whether UCB's investigation under Section 1681s-b(2) was reasonable.[1]  *See, e.g., Nautilus Ins. Co. v. REMAC America, Inc.*, 956 F.Supp.2d 674, 683-84 (D.Md. 2013) (denying discovery

---

[1] Plaintiff requested discovery to determine why UCB was still reporting the account five years after the debt was paid. Plaintiff stated that his "discovery requests pertaining to United Collection Bureau, Inc.'s reporting of the account will determine whether it performed a reasonable investigation of the disputed account after receiving [his] disputes from the credit reporting agencies." (ECF No. 18-1, at 2).  Although UCB submitted several affidavits from its General Counsel identifying the exact information that was forwarded to UCB for investigation, Plaintiff insisted that he needs "an opportunity to subpoena documents from Equifax, Experian and Transunion to determine what information was forwarded to United Collection Bureau, Inc." (*Id.*).  Plaintiff's subjective determinations regarding whether UCB conducted a reasonable investigation under the FCRA cannot serve to create a genuine dispute of material fact.

request where no discovery took place before plaintiff moved for summary judgment because discovery would not create a genuine issue of material fact). Plaintiff erroneously states that "[t]here is no precedence for denying an opposition supported by a Rule 56(d) affidavit prior to any opportunity to conduct discovery." (*Id.* at 4-5) (emphasis in original). Indeed, courts interpreting Rule 56(d) have consistently held that a nonmovant must provide "a reasonable basis to suggest that [the requested] discovery would reveal triable issues of fact" in order for such a request to be granted. *McWay v. LaHood*, 269 F.R.D. 35, 38 (D.D.C. 2010); *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 195 (4th Cir. 2006); *McKinnon v. Blank*, Civil Action No. 12-1265, 2013 WL 781617, at *11 (D.Md. Feb. 28, 2013) (denying discovery request where defendant moved for summary judgment before any discovery). Clearly established precedent defeats Plaintiff's misconception that "a party is entitled to discovery on issues that may be helpful," (ECF No. 28, at 5-6), or that "a party is entitled to discovery to prove his claim" (ECF No. 30, at 1). Indeed, fishing expeditions for "helpful" information do not provide sound bases for granting Rule 56(d) requests.

Second, Plaintiff asserts that the undersigned "erroneously analyzed UCB's credit reporting under [Section] 1692e(8) but should have also analyzed UCB's credit reporting under [Section]

5

1692e(10)." (*Id.* at 7). Plaintiff insists that his "allegation that UCB made false representations to the credit reporting agencies constitute violations of the FDCPA. Had this Court analyzed UCB's credit reporting under [Section] 1692e(10), then the Court would have found the allegation was sufficient to state a claim." (*Id.*). Plaintiff's argument is premised on a misunderstanding of the memorandum opinion. Plaintiff's FDCPA claims were analyzed both under Section 1692(e)(8) *and* (e)(10), but neither claim could be sustained. (*See* ECF No. 26, at 9-14). A Rule 59(e) motion may not be used to relitigate old matters, which is precisely what Plaintiff endeavors to do here. In dismissing Plaintiff's FDCPA claims, the undersigned explained that Mr. Alston's allegations fail to demonstrate that at the time UCB reported the account to Equifax, Experian, and TransUnion, it knew or should have known that the information about his debt was false. (ECF No. 26, at 10). Indeed, after Plaintiff submitted the dispute directly to *UCB* – and not to the credit reporting bureaus – explaining that the debt was satisfied, UCB responded to Plaintiff that the debt was cancelled. Mr. Alston did not argue that UCB continued to report the debt after it received the dispute directly from him. As explained in the March 4, 2014 memorandum opinion, Plaintiff failed to plead a violation of Section 1692e(10) because he did not identify how UCB used false representations or deceptive

6

means in an attempt to collect a debt. The undersigned found insufficient Plaintiff's naked assertion that UCB knew that the debt was false all along. Accordingly, Plaintiff has not demonstrated that the dismissal of the FDCPA claims constituted clear error of law.

Third, Plaintiff asserts that "[t]he Court clearly erred by finding the FCRA preempts Plaintiff's defamation claim when the Court found Prince George's Hospital does not fall under the purview of the FCRA." (ECF No. 28, at 8). Mr. Alston concludes that "[o]bviously Prince George's Hospital can be exempt from both the FCRA and state law claims." (*Id.*). Plaintiff also challenges the dismissal of the MCDCA claim. Plaintiff again misunderstands the memorandum opinion. Plaintiff moved for leave to file a second amended complaint seeking, *inter alia*, to add Prince George's Hospital as a second defendant, which the undersigned denied as being futile. Plaintiff's proposed second amended complaint asserted claims against *all* Defendants (including Prince George's Hospital) for defamation and violations of the FCRA and the MCDCA. (*See* ECF No. 23-3, at 5-7). In denying Plaintiff's request to submit a second amended complaint, the undersigned explained that Prince George's Hospital likely would not qualify as a 'furnisher of information' under the FCRA to trigger liability and, in any event, Plaintiff's complaint was devoid of any allegations that

7

Plaintiff disputed the debt with Prince George's Hospital. Plaintiff's defamation claim was dismissed for a different reason: namely, because it is preempted by the FCRA. Plaintiff's conclusory allegations that UCB reported the debt to slander and defame Mr. Alston were self-serving and conclusory. Plaintiff cannot demonstrate that any of these conclusions constituted clear error of law.

Fourth, Plaintiff essentially asserts that it was clear error to rely on the affidavit from Kristen Arsenault, UCB's General Counsel, which explained UCB's procedures for investigating disputed accounts but did not attach the documents to which the affidavit referred.[2] Plaintiff is mistaken. The 2010 amendments to Rule 56 changed the procedure for submitting materials on summary judgment. Rule 56(c)(4) requires that:

> [a]n affidavit or declaration used to support or oppose a motion [] be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Here, UCB submitted several sworn affidavits from its General Counsel. Plaintiff cites no authority for the proposition that it was clear error to rely on these sworn affidavits without seeing the actual documents referred therein. Accordingly, this

---

[2] Specifically, Plaintiff challenges UCB's failure to include as an exhibit a copy of the Automated Credit Dispute Verification ("ACDV"), which is an electronic message received by UCB containing a disputed code.

argument also does not warrant reconsideration of the dismissal of Plaintiff's claims.

Finally, Plaintiff objects to the denial of his request to file a surreply. Plaintiff asserts that "[t]his Court erroneously characterized the supplemental affidavit [from Ms. Arsenault] as a simple counterpoint," when in fact "UCB submitted new evidence [] which Plaintiff did not have an opportunity to address." (ECF No. 28, at 10-11). Mr. Alston asserts that if he had the opportunity to address the "new" evidence, he would have requested to depose Arsenault on her claim that she personally handled his dispute. Plaintiff seems to object to an averment in Ms. Arsenault's supplemental affidavit submitted with UCB's reply brief, stating that UCB verified with the original creditor that the information furnished was accurate. But as the undersigned explained in the March 4, 2014 memorandum opinion, even if this was "new" evidence, whether UCB verified the accuracy of the information furnished with the original creditor is not outcome determinative on the issue of the reasonableness of UCB's investigation. (ECF No. 26, at 36). Moreover, to the extent Plaintiff wanted to file a surreply to challenge Ms. Arsenault's personal handling of his dispute, as the undersigned also explained in the memorandum opinion, even the failure of Ms. Arsenault personally to handle Plaintiff's dispute would not

9

undermine her ability to testify because as assistant general counsel to UCB, she is familiar with its business practices. Thus, this ground for reconsideration is also meritless.

Based on the foregoing, it is this 23rd day of April, 2014, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion for reconsideration filed by Plaintiff Jonathan Alston (ECF No. 28), BE, and the same HEREBY IS, DENIED; and

2. The clerk will transmit copies of the Memorandum Opinion and this Order to *pro se* Plaintiff Jonathan Alston and counsel for Defendant.

                                                                                          /s/
                                       DEBORAH K. CHASANOW
                                       United States District Judge